UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. FERNANDO PIZANO-GARCIA, Defendant. | Case No.: 3:20-cr-116-GPC<br>**ORDER GRANTING MOTION FOR REVIEW OF ORDER OF DETENTION**<br>**[ECF Nos. 24 and 26]** |
|---|---|

On April 15, 2020, Defendant filed an Appeal of Detention Order seeking review of the detention order issued by Magistrate Judge Ruth Montenegro. ECF No. 24. The appeal was denied without prejudice on April 16, 2020, based upon the Order of the Chief Judge 24 which has suspended all criminal matters, except those specifically exempted in that Order, until May 16, 2020. ECF No. 25. Thereafter, on April 22, 2020, Defendant moved for reconsideration of the Court's order. ECF No. 26. Based upon its review of the motion, the Court directed the Government to file a response to the original appeal of detention order. A response was filed by the Government on April 30, 2020. ECF No. 29.

Having reviewed the moving papers, response and the record in this case, the Court GRANTS the motion to reconsider its April 16, 2020 order, elects to proceed without hearing and decide the appeal upon the record, and GRANTS the appeal of detention order.

## I. Procedural Background

Defendant was arrested on September 29, 2019 and made his first appearance before Magistrate Judge Montenegro on September 30, 2019. *United States v. Pizano-Garcia*, 19cr4263-JM, ECF No. 1. Upon the Government's motion, the court detained Defendant based upon risk of flight. The Court found that "Defendant is a citizen of Mexico, lacks lawful status, if convicted, is subject to deportation. He has a significant criminal history beginning in 1990 to 2013 . . . ." *Id.*, ECF No. 24, Transcript at 6.

Defendant seeks review of the Court's detention order, ECF No. 24, and requests that the Court set pretrial release conditions including a $10,000 personal appearance bond secured by the signature of two financially responsible and related adults. *Id.* at 1.

## II. Applicable Standards

18 U.S.C. § 3145(a) provides "[i]f a person is ordered released by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be determined promptly." A district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court may decide the motion on the papers and documents before the Court without a hearing. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir. April 30, 2020); *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention). The Court finds that this matter is suitable for determination without a hearing.

## III. Summary of Positions

Magistrate Judge Montenegro found that the following factors supported an order of detention: prior criminal history, history of removals from the United States, and lack of immigration status.

Defendant argues that conditions of pretrial release should be set for the foregoing reasons. Defendant is 50 years old and suffers from schizophrenia. Defendant also claims

significant ties to the United States based upon his prior residence in California, Oregon and Nevada. He proposes living with his nieces in Oregon.

Defendant also argues that he should be released based on the COVID-19 pandemic and the risks associated with being incarcerated, including living in tight quarters and the inability to practice social distancing. While Defendant does not claim to be part of any group that is especially vulnerable to COVID-19 based on health conditions, he points to his age (50 years old) as increasing the risks of contracting COVID-19 and risk for serious disease. ECF No. 24 at 8.

The Government argues that the § 3142(g) factors in this case have not changed since the Magistrate Judge's ruling to warrant reconsideration. ECF No. 29 at 2. This is the defendant's fourth illegal entry offense indicating his intent to illegally remain in the United States and does not support release. *Id.* The Government also points to Defendant's criminal history, which includes multiple violent offenses. *Id.* at 3. In addition, Defendant has a history of court appearances and violations of orders to stay out of the United States. *Id.* Lastly, the Government contends that the fact of the COVID-19 pandemic alone does not support reconsideration of the detention order. *Id.* at 3-4.

**IV.   Analysis**

As an initial matter, the Court recognizes that the COVID-19 pandemic presents significant public health concerns. It has proven to be particularly deadly for certain groups without regard to age or prior physical condition. It appears to affect certain racial and ethnic groups more than others. Due to insufficient testing resources, containing COVID-19 has been particularly difficult. Meanwhile, the entire science community is working around the clock to discover treatments and a vaccine for COVID-19. Without a vaccine, attempts to contain the spread of COVID-19 have turned to social distancing and wearing masks. Given the nature of detention facilities, social distancing has been difficult to practice in the facilities.

The Court finds that it is appropriate to take into account the risks of harm created by COVID-19, the challenges in containing it in detention facilities and the mental effect

that it has on individuals that are housed in these facilities. The COVID-19 pandemic does not, however, require that all pretrial detainees be released on bail or on their own recognizance. Ultimately, the Court is required to conduct an individualized analysis under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, --F. Supp. 3d--, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

Under 18 U.S.C. § 3142(g), the Court's individualized analysis considers the following factors in determining whether to grant release:

1. <u>Nature and seriousness of the offense</u>.

Mr. Pizano-Garcia is charged with a status offense, felony illegal entry, which carries a maximum of two years in custody.

2. <u>Weight of the evidence against the defendant</u>.

While the weight of the evidence may be strong, it is the "least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

3. <u>Mr. Pizano-Garcia's History and Characteristics</u>

a. <u>Family and community ties</u>.

Mr. Pizano-Garcia reportedly has considerable family and community ties to the United States. He has a sister and two nieces who reside in Oregon and has a daughter that resides in El Monte, California. According to defense counsel, these two nieces wish to serve as sureties. One niece, Jennifer Mendoza, works as a receptionist and earns about $2,000 a month. The other niece, Stephanie Mendoza, earns about $1,700 a month. Neither have significant assets.

b. <u>Physical and mental condition</u>

Mr. Pizano-Garcia has reportedly suffered from schizophrenia and mental health issue for years. According to defense counsel, Defendant's family is aware of his mental

health issues and will make sure that he gets the mental health treatment that he needs. Mr. Pizano-Garcia is 50-years-old. His age places him at increased risk of serious harm if he were to contract COVID-19 because the risk for serious disease and death in COVID-19 cases increases with age.[1]

                c. Financial resources.

Mr. Pizano-Garcia does not have significant financial resources but his family in the United States has the financial to support him while he is out on pretrial release.

                d. Length of residence.

Mr. Pizano-Garcia previously lived in the United States for years. He lived in Oregon, Nevada and Oxnard, California where he worked as a fieldworker and construction worker. While Mr. Pizano-Garcia does not currently reside in the Southern District of California, defense counsel proffers that he will have a stable residence in Oregon—with his nieces—where he could stay and be supported during the entire pendency of his criminal case.

                e. Drug abuse.

Mr. Pizano-Garcia has a 1999 misdemeanor conviction for marijuana possession. Otherwise, there is no evidence that Mr. Pizano-Garcia has recently abused or is currently abusing drugs or alcohol.

                f. Criminal history.

Mr. Pizano-Garcia has criminal convictions in the United States, however, the majority of his convictions are over 10 years old. He has two recent illegal entry convictions from 2013 and 2018.

                g. Record of prior appearances.

Mr. Pizano-Garcia has one failure to appear in 1999. Other than this 21 year-old

---

[1] Ctrs. for Disease Control and Prevention, Cases of Coronavirus Disease (COVID-19) in the U.S. (last visited April 26, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#serious-heart-conditions.

failure to appear, he does not have any recent failures to appear.

h. <u>Danger to any person or the community.</u>

It does not appear that Mr. Pizano-Garcia has recently engaged in actions which make him a danger to the community. However, it is noted that Defendant has convictions from more than 20 years ago for domestic violence, threatening a crime with intent to terrorize and indecent exposure. While these are serious offenses, it does not appear that Defendant currently poses a danger to the community.

The Court finds that given the Defendant's ties to the United States and the availability of family members to house and care for him, the proposed personal appearance bond and further restrictions imposed by the Court will assure the attendance of Defendant at all future court hearings. Therefore, the Court GRANTS the Defendant's request for review of Order of Detention. The Court will separately issue an order setting out the conditions of release.

**IT IS SO ORDERED.**

Dated:  May 1, 2020

Hon. Gonzalo P. Curiel
United States District Judge